Mr. Chief J ustice Sharkey
delivered the opinion of the court.
The plaintiff in error was summoned as a garnishee, in an attachment sued out by Waldron, Thomas & Co., by their agent, George W. Henderson, against the property of Charles A. Ely. He failed to appear, and a scire facias Avas aivarded, and again failing to answer, final judgment was rendered, Avhich he now seeks to reverse. In this aspect of the case, Ave cannot look into the errors in the judgment against Ely; that is not regularly before us. And yet if it Avere a void judgment, such an inquiry would be proper, because it Avould then be an insufficient foundation for the judgment against the garnishee, and would afford him no protection against his creditor. It Avould be his duty to resist collection under it. The. declaration against Ely was, no doubt, demurrable; but the judgment against him is certainly not absolutely void. Erroneous it may be, but as it is not void, and he acquiesces in it, the garnishee cannot complain. We are only, therefore, to examine the judgment against the garnishee. To this, however, there is an objection which we deem fatal. At the return term of the summons, the default of Whitehead was entered, but judgment nisi was not taken ; a scire facias was ordered without it. This is not in accordance with the statute. By the 24th section of the law in relation to attachments, (Stat. of Miss. 553,) if the garnishee fail to appear and answer, the court, after solemnly calling the garnishee, is required to enter a conditional judgment against such garnishee, *706 and thereupon a scire facias shall issue, &c. The conditional judgment seems to be necessary, to lay the foundation for a scire facias, and no authority is given to order the scire facias without it. If the garnishee still fail to appear and answer, the court is required to confirm such conditional judgment. In this case the judgment was not confirmed, for in truth there was no judgment to confirm. There was, then, a departure from the statutory mode of proceeding, material in its bearing on the rights of the party. He was called on, by the scire facias, to show cause why the judgment nisi should not be made final; to this he was not bound to respond, because there was no judgment which could be made final. The first judgment entered by the court, was entered as final. The garnishee had a right to expect that the first judgment would be conditional, subject to be set aside on his answer, instead of which it was final, and precluded his answer.
Judgment reversed, and cause remanded.